UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY THOMAS-SWIFT,

                Plaintiff,                Case Number 2:16-cv-12874
v.                                                  Honorable Mark A. Goldsmith

LAWRENCE WILLIAMS,

                Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT (Dkt. 1) AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

**I. INTRODUCTION**

      This matter is before the Court on the Court's own review of Plaintiff Chauncey Thomas-Swift's pro se complaint, labeled as a "Complaint for Legal Malpractice." Plaintiff is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Defendant is Lawrence Williams, a private attorney whose office is located in Detroit, Michigan.

      Plaintiff's allegations are difficult to discern from his poorly drafted complaint. As best the Court can determine, Plaintiff alleges that he retained Defendant to represent him in state criminal proceeding. Although the complaint does not state this directly, letters Plaintiff attaches to the complaint refer to his criminal case number and indicated that he paid Defendant for copies of his state criminal case records. The complaint seems to allege that Defendant failed to adequately represent him and charged him an excessive fee for legal services. The complaint refers to another party, American General, which perhaps provided a loan for Plaintiff to pay Defendant's fee.

      The complaint alleges in conclusory terms that Defendant's conduct amounted to legal

1

malpractice, violated his federal constitutional rights, and constituted racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff seeks compensatory damages, costs, and a return of the $1,000 fee he paid to Defendant.

## II. LEGAL STANDARD

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Neitzke v. Williams, Sr., 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

2

To the extent that the complaint attempts to state a claim under RICO it is subject to summary dismissal for failure to state a claim. Section 1964(c) of RICO creates a private cause of action, as follows:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c)(1982) (emphasis added).

Section 1962 makes it illegal to engage in a pattern of racketeering activity. 18 U.S.C. § 1962(c)(1982). "Racketeering activity" is defined in section 1961(1) in terms of a long list of federal and state crimes. A "pattern of racketeering activity" requires at least two acts of racketeering activity within a ten year period. 18 U.S.C. 1961(5). Plaintiff's complaint is devoid of allegations that Defendant engaged in a pattern of racketeering activity or committed any of the listed crimes.

At most, the complaint alleges that Defendant failed to respond to multiple requests for copies of records of his state criminal proceedings. The Supreme Court requires a RICO plaintiff do more than merely recite two predicate acts, however, because "there is something to a RICO pattern beyond the number of predicate acts involved." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238 (1989). Rather, a plaintiff must show that "the predicate acts are related and that they constitute or pose a threat of continued criminal activity." Id. at 239. Even making the generous assumption that the predicate acts alleged by Plaintiff satisfy RICO, Plaintiff fails to allege a risk of continued criminal activity. Rather, Plaintiff merely alleges that Defendant committed acts that injured him in a closed period of time. Thus, Plaintiff's RICO allegations fail to state a claim on which relief may be granted.

Plaintiff also asserts that Defendant's conduct violated his federal constitutional rights.

Without explicitly stating so, these allegations attempt to state a claim under 42 U.S.C. § 1983. To state a claim under this section, the conduct complained of must be: (1) committed by a person acting under color of state law, and (2) deprive plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" Ellison v. Garbarino, 48 F.3d 192, 195 (6th Cir. 1995) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes. Polk Cnty v. Dodson, 454 U.S. 312 (1981). Defendant was not acting under color of state law in acting as Plaintiff's attorney during state criminal proceedings. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Finally, the complaint raises a legal malpractice claim against Defendant. The Court would have to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) to review such a claim. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims where any federal claims on which the court's subject matter jurisdiction are based are dismissed prior to trial. See Landefeld v. Marion Gen. Hosp., 994 F.2d 1178, 1182 (6th Cir. 1993); Faughender v. City of N. Olmsted, 927 F.2d 909, 917 (6th Cir. 1991); see also 28 U.S.C. § 1367(c)(3). Because Plaintiff's federal claims are subject to summary dismissal, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law malpractice claim.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED THAT** the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a plausible claim for which relief may be granted.

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 443-445 (1962).

SO ORDERED.

Dated: August 10, 2016　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2016.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager